IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK F. KOCH,<br><br>    Plaintiff,<br><br>v.<br><br>CARLA WADE, et al.,<br><br>    Defendants. | No. C 15-03895 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at the California Health Care Facility ("CHCF") in Stockton, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motions for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify

---

[1] This matter was reassigned to this Court on September 28, 2015. (*See* Docket No. 6.)

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\CR.15\03895Koch_dwlta.wpd

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that the following civil rights have been violated: "1) Violation of Superior Court Judges Order [*sic*]," "2) Violation of probation terms," "3) Right to have fair or gainful employment," "4) Right of No cruel or Unusual Punishment," and "5) Discrimination." (Compl. at 5.) Plaintiff names officers of the Santa Cruz County Probation Department as Defendants, and claims generally that they failed to provide certain services, including a coordinator for his mental health issues. (Compl. Attach. at 4.) Specifically, Plaintiff claims that Defendant Probation Officer Carla Wade interfered with his right to gainful employment by contacting his then employer and having him fired. (*Id.* at 3.) Plaintiff also alleges that he told Defendant Probation Officer Peter Grassi that his car had been stolen, and that when he later asked him for help in getting the car back, Defendant Grassi refused to admit that Plaintiff had reported it stolen to him. (*Id.*) Plaintiff makes no specific factual allegations against named Defendants Chief Probation Officer Yolanda James Saville and Chief Deputy Probation Officer Charles Smith.

Plaintiff's claims are insufficient to state a claim under § 1983 because he fails to identify what federal right was violated by Defendants. First of all, Plaintiff fails to state what federal right was violated by Defendants' alleged failure to uphold either the trial judge's order or probation terms. Secondly, his claim that Defendant Wade

interfered with his right to gainful employment may constitute a state tort claim, but not a federal one. Thirdly, Plaintiff's assertion that his worsening situation constitutes "cruel and unusual punishment," (Compl. Attach. at 4), is insufficient to state a claim because he fails to show that the Eighth Amendment imposes a duty on probation officers to provide humane conditions for those out on probation. Lastly, Plaintiff's claim that Defendants "took advantage of my mental illness and that they discriminated against me by failing to provide services to me," (*id.*), is conclusory without factual support.

      Plaintiff shall be granted leave to amend to attempt to cure these deficiencies. Plaintiff is advised that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson*, 551 U.S. at 93(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

///

///

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall either file a motion to strike the first amended complaint or he shall file a second amended complaint. The second amended complaint must include the caption used in this order, the civil case number used in this order, Case No. C 15-03895 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: Oct 23, 2015

BETH LABSON FREEMAN
United States District Judge