IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK F. KOCH,

    Plaintiff,

v.

CARLA WADE, et al.,

    Defendants.

No. C 15-03895 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at the California Health Care Facility ("CHCF") in Stockton, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] On October 23, 2015, the Court dismissed the complaint with leave to amend because Plaintiff's allegations were insufficient to state a claim under § 1983. (Docket No. 14.) Plaintiff's amended complaint, (Docket No. 18), is now before the Court for an initial review.

### DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to this Court on September 28, 2015. (*See* Docket No. 6.)

Order of Dismissal
P:\PRO-SE\BLF\CR.15\03895Koch_dism (ftsac).wpd

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff claims that in July 2014, he was in Monterey Court at the "approval" of the Santa Cruz County Probation Department, while "in the middle of an inter[-]county probation transfer." (Am. Compl. at 3.) Plaintiff claims that he was enrolled in college, had housing and had found a good job. (*Id.*) On July 14, 2014, the day before he was to start his job, he reported to the Probation Department to give an update. (*Id.*) He was then told by Defendant Probation Officer Carla Wade that he could no longer go to Monterey; she did not provide an explanation. (*Id.*) Plaintiff claims that she called his work and told his boss, "'That he must fire me,'" which he did. (*Id.*) Plaintiff claims that this action on the part of Defendant Wade violated his right under the Eighth Amendment, "not to have unusual and cruel conditions imposed on me" and that it shows "deliberate indifference." (*Id.* at 3-4.) Plaintiff claims that one of the conditions of his probation permits him to travel 49 miles out of the county, and that since Monterey was only 38 miles away, he was permitted to travel there under the "contract" that he signed with Probation. (*Id.* at 4-5.) Plaintiff also claims that Superior Court Judge Burton ordered that Plaintiff "be placed on a mental health team consisting of a coordinator, psych and [Defendant Wade]," but that Defendant Wade refused to do so

for a whole year. (*Id.* at 5-6.) Plaintiff claims that he was deprived of his rights and suffered from his mental illness and lack of access to his psych medication. (*Id.* at 6.) Plaintiff asserts that her failure to follow the judge's orders and causing him to suffer is "very cruel and highly unusual." (*Id.*)

Plaintiff also claims that Defendant Probation Officer Peter Grassi refused to help him get his car back after it was stolen and then recovered by the police. (*Id.* at 7.) Plaintiff claims Defendant Grassi acted with deliberate indifference because his actions, or failure to act, caused Plaintiff to be homeless, which is "both cruel and unusual." (*Id.*) Plaintiff asserts that the Eighth Amendment ensures that he be treated fairly, and that to deprive him of his home is "cruel and unusual." (*Id.*)

Plaintiff claims that he was then "ordered" by Defendant Probation Officer Yolanda James Seville to sleep behind the Probation building. (*Id.* at 7.) Plaintiff claims that having to sleep behind the building for two months "excellerate[d] [*sic*]" his prostate cancer. (*Id.*) Plaintiff claims that Defendant was deliberately indifferent and violated his right under the Eighth Amendment to "fair treatment and not to be treated in an unusual manner let alone not in a cruel way." (*Id.* at 8.)

Lastly, Plaintiff claims that when he asked Defendant Grassi for assistance in getting to the shelter where he had stayed in order to pick up his medical supplies, Defendant Grassi refused to take him. (*Id.*) Because he was not able to replace his colostomy bag, he ended up soiling his cloths, bedding and bed. (*Id.*) He claims he walked around town all night in wet clothes and without a colostomy bag, and tried to commit suicide. (*Id.*) Plaintiff claims that the incident was "highly unusual and continues to be cruel to this day." (*Id.* at 9.)

C.   **Legal Analysis**

Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will

ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.""" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

The Court dismissed Plaintiff's initial complaint with leave to amend because his claims were insufficient to state a claim under § 1983. (Docket No. 14 at 2.) However, Plaintiff's allegations in his amended complaint are not much different from those set forth in his initial complaint. The main difference is that Plaintiff repeatedly asserts that Defendants' actions indicate "deliberate indifference" and liberally uses "cruel" and "unusual" to describe his circumstances, in an effort to assert an Eighth Amendment claim. However, as the Court advised Plaintiff in its Order of Dismissal with Leave to Amend, Plaintiff's assertion that his situation constitutes "cruel and unusual punishment," (Compl. Attach. at 4), was insufficient to state a claim because he fails to show that the Eighth Amendment imposes a duty on probation officers to provide

humane conditions for those out on probation. (Docket No. 14 at 3.) Although the Supreme Court has found that the Eighth Amendment requires the state to provide adequate medical care to *incarcerated* prisoners, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (emphasis added), that obligation has not been extended to convicts who are not in custody and therefore free to find treatment on their own.[2] Here, Plaintiff was on probation and otherwise free to do as he pleased within the 49 miles of the county. *See supra* at 2. Furthermore, the fact that psychiatric care was a condition of Plaintiff's probation does not change the fact that he was no longer confined and able to act on his own behalf. Lastly, Defendants' alleged actions, or failure to act, may at the most indicate negligence, but negligence is not actionable under § 1983 either inside or outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Accordingly, Plaintiff's amended complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1),(2). Because Plaintiff has already been afforded one opportunity to file an amended complaint and he cannot cure the deficiencies in an a second amended complaint by alleging other facts, the dismissal is without leave to amend and with prejudice. *See Lopez*, 203 F.3d at 1130.

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1),(2).

---

[2] The only duty imposed beyond the prison gate is that the state must provide a prisoner being released, who is receiving and continues to require medication, with a supply sufficient to ensure that he has that medication available during the period of time reasonably necessary to permit him to consult a doctor and obtain a new supply. *See Wakefield v. Thompson*, 177 F.3d 1160, 1164 (9th Cir. 1999).

The Clerk shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

DATED: April 5, 2016

BETH LABSON FREEMAN
United States District Judge